3:24-mj-00054

# AFFIDAVIT

STATE OF WEST VIRGINIA

COUNTY OF CABELL, to wit:

I, Brandon S. Holestine, being duly sworn, hereby depose and state as follows:

1. I am a United States Postal Inspector employed with the United States Postal Inspection Service (USPIS) since April 2017. I am presently assigned to the USPIS Charleston, WV domicile where my responsibilities include the investigation of crimes involving the United States Postal Service (USPS) and crimes furthered through the use of the United States Mail. This includes the investigation of controlled substances and narcotics proceeds sent through the U.S. Mail. Prior to my assignment in the Charleston, WV domicile, I was assigned to the USPIS Cleveland, OH field office where I also conducted investigations involving controlled substances and narcotics proceeds sent through the U.S. Mail and was assigned as a task force agent with U.S. Drug Enforcement Administration.

2. This affidavit is made in support of an application for a search warrant to search the contents of USPS Priority Mail Package bearing tracking number "9505 5125 9197 4256 6449 20" with a return address of "Lisa Brown 1219 Dell Dr Monterey Park, CA, 91754" and a delivery address of "Mellisa Lovins 46 Idle Acres Huntington, WV, 25701" (hereinafter referred to as "SUBJECT PARCEL"). The SUBJECT PARCEL is a plain brown shipping box with approximate dimensions of 10" x8"x 8". The SUBJECT PARCEL was mailed on September 12, 2024, from Montebello, CA 90640 with $31.15 postage affixed. The SUBJECT PARCEL is currently located at 1000 Centre Way, Charleston, WV 25309.

3. The information contained in this affidavit is based on information I have gained from my investigation, my personal observations, my training and experience, and information related to me by other law enforcement agents and witnesses.

4. Drug trafficking background gained over the years has shown that drug dealers and drug traffickers utilize the USPS for shipping narcotics proceeds and controlled substances, including but not limited to cocaine, heroin, methamphetamine, marijuana, and pharmaceuticals. The use of Priority Mail Express, Priority Mail, and First Class Mail are favored because of the reliability, anonymity, speed (overnight service), minimal cost, and ability to track the mail piece.

5. Through experience gained in drug investigations by Postal Inspectors and other law enforcement agents, and through information provided by individuals who have been involved in buying, selling, and shipping drugs by Priority Mail Express, Priority Mail, and other types of shipments, USPIS has established a drug profile policy to screen mail packages for narcotics and/or controlled substances. The profile characteristics include peculiarities in labeling and unusual packaging techniques as well as other considerations. The reason that handwritten labels are of interest is that the vast majority of premium mail services such as Priority Mail Express and Priority Mail involves business-to-business or business-to-person correspondence and features typewritten or computer-generated labels. Person-to-person correspondence (and the handwritten labels attendant thereto) accounts for a very small minority of total Priority Mail Express and Priority Mail traffic.

6. Postal Inspectors, Special Agents of the Drug Enforcement Administration (DEA) and other intelligence sources have identified Arizona, Nevada, Texas, California, Florida, Georgia, Michigan, Oregon, New Jersey and New York as major source states for illegal drugs flowing into areas within the Southern District of West Virginia.

7. From my experience, training, and knowledge of drug shipments through the United States Mail, I am aware that drug traffickers frequently use fictitious names and addresses on the return address portion of the mailing label both to remain anonymous and avoid detection. Some return addresses have been found to be legitimate addresses, but the actual resident at those

locations is either fictitious or non-existent. I am also aware that the address of the person that the mail piece is addressed to is generally not fictitious because a valid address is necessary for the package to be delivered. However, at times the true name of the addressee may be altered or ignored in favor of an alias or code name to better disguise their identity from law enforcement.

8. Based upon my knowledge, training, and experience I know that drug traffickers using the USPS often use unusual packaging techniques. These may include excessive taping or wrapping or by including within the package items having strong odors in an effort to contain or mask the odor of controlled substances in order to avoid detection by trained narcotics dogs.

9. Your affiant knows based on training and experience as well as consultation with other agents, that U.S. Mail is often used by narcotic traffickers to transport controlled substances, as well as U.S. currency derived from the distribution of controlled substances, either as payment or proceeds. Your affiant knows based on training and experience that USPS Priority Mail Express and Priority Mail is commonly used to transport controlled substances because narcotic traffickers can track the parcels, and control dispatch times and locations.

## BACKGROUND OF INVESTIGATION

10. On September 13, 2024, while reviewing USPS electronic records relating to shipments of parcels to the Southern District of West Virginia from known sources states such as California, your affiant identified USPS Priority Mail Package bearing tracking number "9505 5125 9197 4256 6449 20" with a return address of "Lisa Brown 1219 Dell Dr Monterey Park, CA, 91754" and a delivery address of "Mellisa Lovins 46 Idle Acres Huntington, WV, 25701" (SUBJECT PARCEL). Based on my training and experience, your affiant believed the package to be consistent with the size, weight and mailing characteristics of packages containing narcotics proceeds and/or controlled substances.

11. On September 17, 2024, Postal Inspectors identified the SUBJECT PARCEL had

3:24-mj-00054

arrived at the Charleston, WV Processing and Distribution Center (PDC). On the same date, Postal Inspectors went to the Charleston, WV PDC where your affiant noted, among other characteristics that the SUBJECT PARCEL bore handwritten name and address information, fictious sender name and address information, bore postage purchased with cash, and was mailed from California, a known source state for illicit drugs coming into the Southern District of West Virginia.

12. Your affiant made inquiries with CLEAR, an electronic database that has proven reliable in previous investigations in determining the legitimacy of name, address, and phone number information, regarding the return address of Lisa Brown at 1219 Dell Dr, Monterey Park, CA 91754. CLEAR showed no such name associated with that address. Your affiant also conducted a search regarding the delivery address of Mellisa Lovins at 46 Wild Acres, Huntington, WV 25701. CLEAR showed no such name associated with that address.

13. On September 17, 2024, Task Force Officer (TFO) Seth Johnson, Charleston Police Department, provided his trained narcotic detection dog, "Rex". Rex has experience with narcotics investigations including drug parcels and was last certified April 2024. The SUBJECT PARCEL was placed in a line-up with four (4) additional boxes of similar shapes and sizes. Rex conducted an exterior examination of all the parcels. TFO Johnson informed me that Rex positively alerted on the SUBJECT PARCEL indicating the presence of the odor of a controlled substances.

3:24-mj-00054

14. Based on the information contained herein, your affiant maintains there is probable cause to believe that the SUBJECT PARCEL - USPS Priority Mail Package bearing tracking number "9505 5125 9197 4256 6449 20" - contains controlled substances, and/or proceeds which are evidence thereof, and/or contraband, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b) and 846

Further your affiant sayeth naught.

BRANDON S. HOLESTINE
POSTAL INSPECTOR

On the ____18th____ Day of September 2024, This affidavit was sworn to by the affiant, who did no more than attest to its contents pursuant to Crim. R. 4.1 (b)(2)(A), by telephone after a document was transmitted by email, per Crim. R. 4.1.

JOSEPH K. REEDER
UNITED STATES MAGISTRATE JUDGE